UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN A. PENN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>T. ALLEN, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00126-JSC<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against numerous officials at Salinas Valley State Prison, where he was formerly housed. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, certain claims are dismissed, and the complaint is ordered served upon the remaining Defendants for claims that are capable of being judicially heard and decided.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that Defendant Thomas retaliated against him for filing grievances by preventing Plaintiff from working in his job at the library, orchestrating an assault upon him by other correctional officers, and ensuring that he would be subject to discipline without adequate procedural protections and found guilty on false charges of battery. He further alleges that Defendant Tomlinson was involved in the retaliation, Sanchez-Zamora, Camacho, Reveles, Lopez, and Barbosa participated in the assault, and Sterns, Ruiz, Torres, DeLeon, Caballero, Lemon, and Allen participated in the improper discipline and his subsequent segregation. When liberally construed, Plaintiff's allegations state claims for retaliation in violation of his First Amendment rights, the use of excessive force in violation of his Eighth Amendment rights, and the violation of his right to due process against these Defendants that are capable of being judicially heard and decided.

Plaintiff also alleges that Defendant Registered Nurse Enriquez failed to provide him adequate medical care and document his injuries after his assault. When liberally construed, these allegations state a claim against Enriquez for violating his Eighth Amendment rights that is capable of being judicially heard and decided.

Plaintiff also alleges that Defendant DeLeon stole his television and glasses. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff alleges that DeLeon was not authorized to take his personal property insofar as he alleges that DeLeon stole it. Such conduct is not unconstitutional, and therefore this is not a valid claim for relief under Section 1983. Plaintiff may seek a recovery for his loss of property by following California's procedure (Cal. Gov't Code §§ 810-895) for seeking such recovery from state officials.

Plaintiff also alleges that Defendants Godinez, Lemon, Allen, and Mosely did not properly process or grant his administrative grievances. There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance"). Accordingly, Plaintiff's claims against these Defendants for improperly handling and denying his administrative grievances are not valid claims for relief.

## CONCLUSION

For the foregoing reasons,

1.   Plaintiff's claims against Defendant DeLeon for stealing his property and against Defendants Godinez, Lemon, Allen and Mosely for failing to properly process and decide his administrative grievances are DISMISSED. Plaintiff's complaint, when liberally construed, states claims that are capable of being judicially heard and decided for retaliation, excessive force, due process violations during his disciplinary proceedings, and inadequate medical care against

Defendants Thomas, Tomlinson, Sanchez-Zamora, Reveles, Lopez, Barbosa, Sterns, Ruiz, Torres, DeLeon, Caballero, Lemon, Allen, and Enriquez.

2. Captain M. Thomas, Lieutenant A. Tomlinson, Correctional Officer Sanchez-Zamora, Correctional Officer N. Reveles, Correctional Officer T. Lopez, Lieutenant M. Sterns, Lieutenant J. Ruiz, Correctional Officer L. Torres, Correctional Officer Y. DeLeon, Caballero, Acting Warden T. Lemon, Acting Warden T. Allen, and Registered Nurse Enriquez

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. To expedite the resolution of this case:

a. No later than **May 1, 2023**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall

4

include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **June 1, 2023**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

      d. Defendants shall file a reply brief no later than **June 15, 2023**.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

//

//

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 3, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.