UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN A. PENN,<br><br>    Plaintiff,<br><br>  v.<br><br>T. ALLEN, et al.,<br><br>    Defendants. | Case No. 23-cv-00126-JSC<br><br>**ORDER GRANTING EXTENSION OF TIME; PARTIALLY GRANTING MOTION FOR ABEYANCE; DENYING MOTION FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE; DIRECTING PARTIES TO REPORT STATUS OF PLAINTIFF'S ACCESS TO PROPERTY**<br><br>Re: Dkt. Nos. 13, 16, 17 |

Good cause appearing, Defendants' motion for an extension of time to file a dispositive motion is GRANTED. (ECF No. 16.) The motion is due on or before July 10, 2023, the opposition is due on or before August 17, 2023, and if an opposition is filed, then Defendants **shall** file a reply brief within 14 days of the date the opposition is filed.[1]

Plaintiff filed a motion to hold this case in abeyance because he was placed in restrictive housing at California State Prison, Sacramento, without access to his personal property, including his legal documents. (ECF No. 13.) Thereafter, he filed a motion for an injunctive relief (ECF No. 17) in which he indicates he has since been transferred to Kern Valley State Prison but his property have not been sent to him; he seeks to compel prison officials to send his personal property to him. Defendants oppose the motion for injunctive relief on the grounds that they intend to provide him with copies of their dispositive motion papers and other relevant discovery materials that they receive from the California Department of Corrections and Rehabilitation. (ECF No. 18 at 3.) These materials are not sufficient to allow Plaintiff to have a fair opportunity to litigate this case. Specifically, he will need access to the pleadings, other filings, and/or his

---

[1] Defendants incorrectly state that the current deadline is May 1, 2023. (ECF No. 16 at 1.) That deadline was extended to June 9, 2023. (ECF No. 11.)

research and other work product to properly respond to Defendants' dispositive motion, prepare for his deposition[2], and prosecute his claims. Plaintiff's access to the legal materials in his property best serves the interests of both parties in a fair and expeditious resolution of this case.

The Court need not issue an injunction at this time, however, because Defendants fairly indicate there may only be a temporary delay in his receipt of his property[3] and Plaintiff may request his property from prison officials via the prison's administrative grievance procedures. (*Id.*) Accordingly, the motion for an injunction is DENIED without prejudice to renewing the motion if he does not receive his property via these channels.

Without delay, Plaintiff shall attempt to obtain his property through the prison administrative procedures, and Defendants shall contact officials at California State Prison, Sacramento, and Kern Valley State Prison to determine whether Plaintiff's personal property and legal papers were, or will be, delivered to him at Kern Valley. These officials are requested to provide this information to Defendants. On or before May 30, 2023, both parties shall report to the Court the results of these efforts and the status of Plaintiff's access to his property.

Plaintiff's motion for abeyance is GRANTED IN PART to the extent the dispositive motion schedule has been extended, above. It is further ordered that no deposition of Plaintiff may be scheduled before May 30, 2023, or Plaintiff has access to his property, whichever comes first.

This order disposes of docket numbers 13, 16, and 17.

**IT IS SO ORDERED.**

Dated: May 5, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] Defendants indicate they intend to take Plaintiff's deposition. (ECF No. 16 at 2.)
[3] Plaintiff states in his motion for injunctive relief, which he signed on April 26, 2023, that his move to Kern Valley was "recent." (ECF No. 17.) Consequently, at the time he wrote the motion, his property may have been in the process of being sent to him.